# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3245 | **DATE** | 12/15/2011 |
| **CASE TITLE** | Steven Schmall vs. Katz Law Office, Ltd. | | |

**DOCKET ENTRY TEXT**

Motion for Default [16] is granted. However, the default is set aside pursuant to Federal Rule of Civil Procedure 55(c).

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff Steven Schmall's ("Plaintiff") Motion for Default. For the following reasons, the motion is granted. However, the default is set aside pursuant to Federal Rule of Civil Procedure 55(c).

As an initial matter, the Court notes that Plaintiff's motion and accompanying briefs do not comply with Local Rule 5.2. Under Local Rule 5.2, the font size in the body of the text shall be 12 points. N.D. Ill. L.R. 5.2. Plaintiff's font is 14 points. Additionally, Plaintiff's choice of typeface is not for the "font" of heart. It is not set in a plain, roman style, and is not otherwise easy on the eyes. The Court could conceivably strike Plaintiff's motion for failure to comply with the local rules. Benuzzi v. Bd. of Educ. of City of Chi., 647 F.3d 652, 655 (7th Cir. 2011) ("District courts have broad discretion to enforce and require strict compliance with their local rules." (citing Elustra v. Mineo, 595 F.3d 699, 710 (7th Cir. 2010))). In this instance, the Court declines to do so. The Court therefore addresses the merits of the motion.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P 55(a). While Rule 55(a) specifically refers to entry of default by the clerk, "it is well-established that a default also may be entered by the court." Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc., 687 F.2d 182, 185 (7th Cir. 1982) (citations omitted). In deciding a motion for default, it is within the Court's discretion whether to enter default. O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)).

Defendant Katz Law Office, Ltd. ("Defendant") was properly served on May 16, 2011. Defendant filed a motion to dismiss, which was granted on July 1, 2011. Plaintiff was granted leave to file an amended complaint on or before July 29, 2011. Plaintiff did so. On August 29, 2011, Defendant was given twenty-one days to answer or otherwise plead. Defendant failed to answer or otherwise plead. Defendant also failed to appear for the status hearing held on September 20, 2011. Plaintiff therefore has met the requirements for entry of default under Rule 55(a). Accordingly, the Court enters default against Defendant. But this is not

| STATEMENT |
|---|

the end of the matter.

The Court construes Defendant's response to Plaintiff's motion for default as a motion to set aside the entry of default pursuant to Rule 55(c). See Ruiz v. Weiler & Co., No. 92 C 5838, 1995 WL 25276, at *1 (N.D. Ill. Jan. 20, 1995). Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Plaintiff contends that the Court should apply the standard for relief under Rule 60(b). This argument is without merit. A final default judgment has not been entered in this case.

In seeking to vacate an entry of default prior to the entry of final judgment, Defendant must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Cracco v. Vitran Express, Inc., 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotation marks and citation omitted). Good cause in the context of default (not default judgement) include inadvertence (as opposed to willfully ignoring the pending litigation), id. at 631, and the potential imposition of damages that are disproportionate to the wrong, even if there is no good excuse for the defendant's inattention to the case, Sims v. EGA Prods., Inc., 475 F.3d 865, 868 (7th Cir. 2007). The Seventh Circuit's policy favoring trial on the merits, Cracco, 559 F.3d at 631, guides the Court's decision in this case.

Because the Court finds that Defendant did not willfully ignore the pending litigation and that damages would be disproportionate to the wrong, Defendant has shown good cause. See id. Defendant also took quick action to correct the default. The same day Plaintiff filed his motion for default, Defendant filed its motion to dismiss the amended complaint. Defendant also complied with the briefing schedule entered by the Court to oppose entry of default. The Court notes that while Plaintiff complains of Defendant's failure to timely answer or otherwise plead and its counsel's failure to appear at certain status hearings, Plaintiff's counsel failed to appear at the Court's December 9, 2011, status hearing. Further, Plaintiff failed to timely file his reply brief regarding his motion for default. In his motion for leave to file his reply brief instanter, Plaintiff asserts that Defendant will not be prejudiced in the matter. Finally, Defendant has presented a meritorious defense to the complaint. In Defendant's motion to dismiss, it contends that Plaintiff has failed to plead facts sufficient to state a claim for age discrimination. Further, Defendant alleges that Plaintiff was terminated for legitimate, non-discriminatory reasons. Given the lenient standards the Seventh Circuit has established for the application of Rule 55(c), Cracco, 559 F.3d at 631, the Court determines that Defendant has met its burden under the rule. The entry of default is therefore vacated.

IT IS SO ORDERED.

U.S. DISTRICT COURT
CLERK
2011 DEC 19 PM 4:00
FILED