Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3245 | **DATE** | 12/20/2011 |
| **CASE TITLE** | Steven Schmall vs. Katz Law Office, Ltd. | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint [17] is granted without prejudice. If Plaintiff Steven Schmall can cure the deficiencies in his amended complaint with sufficient detail to withstand a subsequent motion to dismiss, he may file a second amended complaint on or before January 13, 2012.

■ [ For further details see text below.]

Docketing to mail notices.

**STATEMENT**

Plaintiff Steven Schmall ("Plaintiff") worked as an attorney at Katz Law Office, Ltd. ("Defendant") from August 8, 2008 until August 20, 2010, when he was informed that he was being laid off for economic reasons. Plaintiff is currently fifty-one years old. Plaintiff alleges that he was discharged or constructively discharged in violation of the Age Discrimination in Employment Act of 1967 (ADEA). Before the Court is Defendant's motion to dismiss Plaintiff's amended complaint. For the following reasons, the motion is granted.

Rule 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement must provide the defendant with fair notice of what the claim is and the grounds for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must include enough facts that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009).

Although a plaintiff asserting age discrimination may allege his claim generally, see Tamayo, 526 F.3d at 1081, the allegations must still plausibly suggest that age motivated the employer's action, Joren v. Napolitano, 633 F.3d 1144, 1146 (7th Cir. 2011). Here, Plaintiff's allegations do not suggest that age played any role in Defendant's decision to discharge Plaintiff. For example, Plaintiff alleges, upon information and belief, that attorneys younger than him were not laid off or discharged on August 20, 2010. This allegation, without more, does not suggest that Plaintiff has a right to relief for age discrimination. Plaintiff further alleges, upon information and belief, that five other attorneys over the age of forty were terminated in violation of the ADEA. Plaintiff, however, provides no facts to support these conclusory allegations. Even drawing all reasonable inferences in favor of Plaintiff, his allegations are merely speculative and cannot support a claim for age discrimination. Because Defendant has failed to state a claim for relief under the

11C3245 Steven Schmall vs. Katz Law Office, Ltd.

Page 1 of 2

| STATEMENT |
|---|
| ADEA, Defendant's motion to dismiss is granted.<br>     Plaintiff is granted one final opportunity to fashion a complaint against Defendant for age discrimination. If Plaintiff can cure the deficiencies in his amended complaint with sufficient detail to withstand a subsequent motion to dismiss, he may file a second amended complaint on or before January 13, 2012. If Plaintiff avails himself of this opportunity, he should also correct what he characterizes as "scrivener errors" in his amended complaint—improper allegations against Matthew Katz individually and incomplete allegations due to "missing one or two words." Resp. to Def.'s Mot. to Dismiss Am. Compl. 2.<br>     IT IS SO ORDERED. |

FILED
2011 DEC 20 AM 11:37
CLERK
U.S. DISTRICT COURT